## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**TONY RUIZ**                                                                                    **PLAINTIFF**

**V.**                              **NO. 4:21-cv-182-KGB-ERE**

**LATOYA WILLIAMS and**
**YOLANDA CLARK**                                                                    **DEFENDANTS**

### RECOMMENDED DISPOSITION

### I.    Procedures for Filing Objections

This Recommendation has been sent to United States District Judge Kristine

G. Baker. Any party may file written objections to all or part of this

Recommendation. Any objections filed must: (1) specifically explain the factual

and/or legal basis for your objection; and (2) be received by the Clerk of this Court

within fourteen (14) days of the date of this Recommendation. If you do not file

objections, Judge Baker may adopt this Recommendation without independently

reviewing all of the evidence in the record. By not objecting, you may waive the

right to appeal questions of fact.

### II.    Background

Plaintiff Tony Ruiz this *pro se* § 1983 action alleging that, in June 2018, while

he was confined at the Varner Unit of the Arkansas Division of Corrections

("ADC"),[1] Defendants Latoya Williams and Yolonda Clark took disciplinary action against him in retaliation for a grievance he had filed.[2]

According to Mr. Ruiz, on June 27, 2018, he began experiencing back pain while performing assigned kitchen duties. *Doc. 2 at 8*.  During a work break, he began walking to a pill-call window to obtain mediation, when the kitchen supervisor yelled, "Where are you going?" *Id*. Mr. Ruiz responded that he was going to get his pills, and he kept walking. *Id*. After Mr. Ruiz obtained his pills, he headed back to the kitchen, but a correctional officer stopped him and ordered him to return to his barracks. *Id. at 8*.  Mr. Ruiz complied and returned to his barracks, but as soon as he had the opportunity, he attempted to return to the kitchen. *Id. at 9*.  Defendant Williams refused Mr. Ruiz entry to the kitchen, and she ordered him to return to his barracks. *Id.*

Mr. Ruiz returned to his barracks and submitted a written grievance about the kitchen-related incident. *Id*.; *Doc. 29-3*. Two days later, Mr. Ruiz received a written disciplinary regarding the kitchen incident, the subject of his grievance.  *Doc. 2 at 9*.

---

[1] On May 26, 2021, Mr. Ruiz filed a change of address indicating that he has been released from custody and is currently residing at a private address. *Doc. 18*.

[2] On March 18, 2021, Mr. Ruiz indicated that he wanted to proceed solely with his retaliation claim. *Doc. 5*. On March 19, 2021, the Court issued a partial recommended disposition recommending: (1) dismissal without prejudice of Mr. Ruiz's due process violations and deliberate indifference claims; and (2) dismissal with prejudice of Mr. Ruiz's claims that the defendants violated prison disciplinary policy. *Doc. 7*.

Defendants have filed a motion for summary judgment, brief, and statement of facts (*Docs. 29, 30, 31*), asserting that Mr. Ruiz failed to exhaust his administrative remedies with respect to his remaining claim that Defendants Williams and Clark retaliated against him for filing a grievance.

By Order entered July 19, 2021 (*Doc. 32*), the Court provided Mr. Ruiz until August 4, 2021 to respond to Defendants' motion and statement of undisputed facts.[3] Mr. Ruiz failed to file a response, and the time to do so has expired.

For the reasons explained below, the Court recommends that summary judgment be entered in favor of Defendants Latoya Williams and Yolonda Clark.

## III.   Discussion

### A.    The PLRA Makes Exhaustion Mandatory

The Prison Litigation Reform Act ("PLRA") requires the Court to dismiss any claim raised in this action that was not fully exhausted *before* the lawsuit was filed. See 42 U.S.C. § 1997e(a) (declaring, "[n]o action shall be brought with respect to

---

[3] The Court advised Mr. Ruiz that Local Rule 56.1 required him to file a statement of disputed facts. *Doc. 32, 1-2*. Local Rule 56.1 provides that any party moving for summary judgment "shall annex to the notice of motion a separate, short and concise statement of material facts as to which it contends there is no genuine dispute to be tried." Local Rule 56.1(a). Likewise, a nonmoving party that opposes the motion, "shall file, in addition to any response and brief, a separate short and concise statement of the material facts as to which it contends a genuine dispute exists to be tried."  Local Rule 56.1(b).  "*All material facts set forth in the statement filed by the moving party . . . shall be deemed admitted unless controverted by the statement filed by the non-moving party . . . .* " Local Rule 56.1(c) (emphasis added).

prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining the proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (holding an inmate must exhaust all available administrative remedies before filing suit, and "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory").

Importantly, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, *Jones v. Bock*, 549 U.S. 199, 218 (2007). Thus, the PLRA required Mr. Ruiz to satisfy the ADC's requirements for raising and administratively exhausting the claims he is asserting in this lawsuit before bringing this action.[4]

### B.    The ADC's Exhaustion Policy

At all times relevant to this action, the ADC provided a three-step administrative grievance process through ADC Administrative Directive 19-34 ("AD-19-34"). *Docs. 29-1, ¶ 4* (Gibson Dec.); *29-2* (AD 19-34). The written policy

---

[4] There are exceptions to the exhaustion requirement, but they are few and narrow in scope. For example, an inmate's subjective belief about the futility of the exhaustion process or his misunderstanding about the process are irrelevant in determining whether administrative procedures are available. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

advises inmates they must exhaust their administrative remedies at all levels before filing a § 1983 lawsuit. *Doc. 29-2 at 19*.

To fully and properly exhaust administrative remedies, an ADC prisoner must file: (1) a "Step One" informal resolution raising the claim with the designated unit-level problem-solver within fifteen calendar days of the incident; (2) a "Step Two" formal unit-level grievance raising that claim with the Warden within three business days of the denial of the informal resolution; and (3) an appeal to the appropriate ADC Chief Deputy/Deputy/Assistant Director within five working days of the Warden's decision. AD 19-34 § IV(E)-(G), *Doc. 29-2*. The grievance process ends when the appropriate Chief Deputy/Deputy/Assistant Director renders a written decision or rejection of an appeal. *Id.* at § IV(G)(6).

Thus, to exhaust his administrative remedies with respect to each claim asserted against each Defendant, Mr. Ruiz was required to present each claim in a *timely filed* grievance and appeal it through all three steps of the ADC's grievance process. *See Woodford*, 548 U.S. at 90 (explaining that administrative exhaustion "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)") (emphasis in original); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (holding an inmate must exhaust all available administrative remedies before filing suit, and "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory").

C.   **Mr. Ruiz's Grievance No. MX-20-00981**

In support of their motion for summary judgment, Defendants submit the declaration of April Gibson, the ADC Inmate Grievance Coordinator, stating that she has reviewed Mr. Ruiz's grievance file and that none of his grievances exhaust claims that Defendants Williams and Clark retaliated against him in June 2018. *Doc. 29-1, ¶ 27.*

Mr. Ruiz clearly alleges that the retaliatory disciplinary action, which is the subject of his claim, took place two days after the June 27, 2018 incident.  It is undisputed that Mr. Ruiz filed a single grievance regarding the alleged retaliation, grievance MX-20-00981, and he submitted that grievance on April 27, 2020, *nearly two years after the complained-of retaliatory conduct*, and well beyond the 15-day deadline for filing a Step One grievance. *Doc 29-1*, *¶¶ 27-28* (Gibson Dec.); *Doc. 29-3* (Inmate Grievance MX-20-00981). At Step Two, the grievance was properly rejected as untimely. *Doc. 29-3 at 5*. Accordingly, Mr. Ruiz failed to exhaust his administrative remedies related to his retaliation claim against Defendants Williams and Clark.

IV.   **Conclusion**

IT IS THEREFORE RECOMMENDED THAT:

1.      Defendants Latoya Williams and Yolanda Clarks' motion for summary judgment for failure to exhaust administrative remedies (*Doc. 29*) be GRANTED, and judgment be entered in their favor.

2.      Plaintiff Tony Ruiz's remaining claims for retaliation against Defendants Williams and Clark be DISMISSED, WITHOUT PREJUDICE, for failure to exhaust administrative remedies.

Dated this 31st day of August, 2021.

_____
UNITED STATES MAGISTRATE JUDGE